IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANGELA RYAN, )
)
        Plaintiff, )
)
v. )
) Case No. 1:25CV502
NORTH CAROLINA )
DEPARTMENT OF )
HEALTH AND HUMAN )
SERVICES, et al., )
)
        Defendants. )

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Plaintiff in this action originally filed an Application to Proceed In Forma Pauperis. The case therefore came before the Court for review of the Application and consideration pursuant to 28 U.S.C. § 1915(e)(2). On review, it appeared that the Complaint suffered from several fatal defects, including that Plaintiff as a non-attorney may not bring claims on behalf of anyone else including minor children. See Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005) ("We therefore join the vast majority of our sister circuits in holding that non-attorney parents generally may not litigate the claims of their minor children in federal court."); see also Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (concluding that "the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others."). In addition, Plaintiff raises claims related to a state court child custody proceeding and the removal of the children from her home by Guilford County Department

of Social Services pursuant to the state court proceedings. As relief, Plaintiff seeks an order mandating return of custody of her child to her rather than the child's father, as well as an order removing the state child custody proceedings from state court to this Court. Plaintiff also seeks damages as a result of the emotional distress and financial losses resulting from the state court proceedings. However, this Court does not intervene in ongoing state proceedings or sit in review of state court judicial decisions. For these reasons and others, the case, or at least many of the claims, appear to be subject to dismissal for failure to state a claim upon which relief may be granted or for seeking monetary relief against a defendant who is immune from such relief.[1]

Plaintiff also filed a Motion for Restraining Order, Stay of Court Proceedings, and Appointment of Counsel. However, there is no basis for issuance of a restraining order in this case. Plaintiff has not shown any likelihood of success on the merits, and this Court will not intervene in the ongoing state court proceedings. Plaintiff asks the Court to enter an Order to prevent the state court judges from taking any action related to a state court contempt order issued in the child custody case, and specifically seeks an order to "stop[] any further attempts to incarcerate Plaintiff, collect monthly purge payments, or enforce the underlying attorney fee obligations."

Notably, the federal Anti–Injunction Act provides that "[a] Court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its

---

[1] Although Plaintiff subsequently paid the filing fee, she has not withdrawn her Application to Proceed In Forma Pauperis, and in her recent Motion, she still requests assistance with service and also requests appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).

judgments." 28 U.S.C. § 2283. In addition, under Younger v. Harris, 401 U.S. 37 (1971), federal courts should abstain if: (1) there is an on-going state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Here, it appears that Plaintiff has presented her claims in the state court proceeding, and to the extent she seeks a stay of the state court proceedings, she can request the stay from that court. Plaintiff has not alleged any basis for this Court to intervene in the state proceeding, and there is also no basis to remove the state court custody proceeding to this Court.

Further, to the extent Plaintiff seeks review of a state court judgment that is now final, the Rooker-Feldman doctrine applies in cases where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005). "In other words, the doctrine simply precludes federal district courts from exercising what would be, in substance, appellate jurisdiction over final state-court judgments." Hulsey v. Cisa, 947 F.3d 246, 250 (4th Cir. 2020). Further, to the extent there is a final judgment in that case, Plaintiff's claims would likely be barred by collateral estoppel. See McDonald v. Skeen, 152 N.C. App. 228, 230, 567 S.E.2d 209, 211 (2002) (noting that under North Carolina law, collateral estoppel applies where there is "(1) a prior suit resulting in a final judgment on the merits; (2) identical issues involved; (3) the issue was actually litigated in the prior suit and necessary to the judgment; and (4) the issue was actually determined."). Under North Carolina law, "collateral estoppel precludes the subsequent adjudication of a previously determined issue, even if the subsequent action is

based on an entirely different claim." Whitacre P'ship v. Biosignia, Inc., 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004).

In her Motion, Plaintiff also requests appointment of counsel pursuant to the In Forma Pauperis statute. Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "a plaintiff does not have an absolute right to appointment of counsel." Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Instead, appointment of counsel is "a matter within the discretion of the District Court. It is a privilege and not a right." Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968). In considering a request for appointment of counsel, the United States Court of Appeals for the Fourth Circuit has held that a litigant "must show that his case is one with exceptional circumstances." Miller, 814 F.2d at 966 (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds, Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296 (1989) (holding that Section 1915 does not authorize compulsory appointment of counsel). Specifically, "[i]f it is apparent to the district court that a *pro se* litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).

After reviewing the present case in light of these standards, the Court concludes that this case does not present a colorable federal claim or the type of "exceptional circumstances" that would warrant appointment of counsel. In the circumstances, the Court concludes that there is no basis to appoint counsel in this matter at this time.

4

For all of these reasons, the Court will recommend that Plaintiff's Motion for Restraining Order and for Appointment of Counsel be denied. The Court will separately consider Plaintiff's case pursuant to 28 U.S.C. § 1915(e)(2) as appropriate.[2]

IT IS THEREFORE RECOMMENDED that Plaintiff's Motion for Restraining Order, Stay of State Court Proceedings, and Appointment of Counsel [Doc. #4] be DENIED.

This, the 23rd day of September, 2025.

/s/ Joi Elizabeth Peake
Joi Elizabeth Peake
United States Magistrate Judge

---

[2] The Court notes that in addition to the issues noted above, many of the federal claims would likely be subject to dismissal based on immunity. See Wildauer v. Frederick County, 993 F.2d 369, 373 (4th Cir. 1993) ("Individuals who investigate child abuse or neglect enjoy at least qualified immunity" [and] "[t]he publication of information regarding child abuse or neglect to entities authorized by law to receive such reports does not state a claim under § 1983."); Renn by and through Renn v. Garrison, 100 F.3d 344, 349 (4th Cir. 1996) (noting that "[w]e have held that social services officials engaged in child abuse investigations may properly assert qualified immunity in appropriate situations," and concluding that the alleged facts must show that "that defendants acted outside of the authority granted to them by state statute" and "intruded so vigorously . . . as to infringe the[] family privacy right" because "the state statutes granting authority for the agency's actions plainly take into account plaintiffs' fundamental interest in family privacy and integrity." (internal quotation omitted)); see also Wolf v. Fauquier County Board of Supervisors, 555 F.3d 311, 321-24 (4th Cir. 2009) (rejecting similar claims asserted under 42 U.S.C. § 1983 at summary judgment); Davison v. Rose, 19 F.4th 626 (4th Cir. 2021) (discussing the immunity for mandatory and voluntary reporters of suspected child abuse or neglect). In addition, claims against private attorneys do not state a claim under § 1983 because they are not acting under color of state law. Further, claims against the state and its agencies are barred by Eleventh Amendment immunity and do not state a claim under § 1983. The Court will address those issues as appropriate on further review pursuant to 28 U.S.C. § 1915(e)(2), and the time for service under Rule 4 will run from the date of that Order if any claims remain after that review. If Plaintiff elects to withdraw her Application to Proceed In Forma Pauperis, she can do so by filing a Motion to Withdraw Application, but she would then be responsible for service, and the underlying claims would still be subject to review and dismissal on Motions to Dismiss.