IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANGELA RYAN on her own behalf; ) <br> ANGELA RYAN, as parent and next ) <br> friend ) <br> of J.R. and A.R., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NORTH CAROLINA DEPARTMENT ) <br> OF HEALTH AND HUMAN SERVICES; ) <br> GUILFORD COUNTY; ) <br> GUILFORD COUNTY DEPARTMENT ) <br> OF SOCIAL SERVICES; ) <br> WENDY SIVORI, in both her individual ) <br> capacity and her official capacity as ) <br> attorney for Guilford County Department ) <br> of Social Services; SHARON BARLOW, ) <br> in both her individual capacity and her ) <br> official capacity as Director of Guilford ) <br> County Department of Social Services; ) <br> STACY GREENE, DSS Supervisor, both. ) <br> in her individual capacity and official ) <br> capacity as a Supervisor of Guilford ) <br> County Department of Social Services; ) <br> CHEYENNE PAYLOR, both in her ) <br> individual capacity and official capacity ) <br> as Supervisor of Guilford County ) <br> Department of Social Services; ) <br> RACHEL COOLEY, both in her ) <br> individual capacity and official capacity ) <br> as Supervisor of Guilford County ) <br> Department of Social Services; SYRITA ) <br> MILLER, both in her individual ) <br> capacity and official capacity as Social ) <br> Worker of Guilford County ) <br> Department of Social Services; ) <br> YOLANDA MCDOWELL, both in ) <br> her individual capacity and her official ) | Case No.25 CV 502 <br><br> **MOTION TO EXTEND <br> TIME TO SERVE DEFENDANTS <br> SUMMONS AND COMPLAINT <br> FED. R. CIV. P. 4(m)** |

capacity as Social Worker of Guilford )
County Department of Social Services; )
JORDAN REEVES, both in her )
individual capacity and her official )
capacity as Social Worker of Guilford )
County Department of Social Services; )
ANNE LITTLEJOHN, Attorney for )
Guilford County Guardian ad Litem )
Program, in her individual capacity; )
MEGAN SPIDELL, Independent )
Family Law Attorney, in her individual )
capacity; ADAM ARTHUR, Independent )
Family Law Attorney, in his individual )
capacity; LEE CORUM, court appointed )
attorney, in his individual capacity; )
JOHN DOE #1-#10, for unknown )
defendants. )

                Defendants,

**Presiding Judge:** The Honorable William Osteen Jr.

### MOTION TO EXTEND TIME TO SERVE DEFENDANTS

NOW COMES, Plaintiff, Angela Ryan, Pro se, respectfully requests that this Honorable Court grant an extension of time to serve the defendants in the above-captioned case, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and the Local Rules of this Court. In support of this motion, Plaintiff states as follows:

# I. INTRODUCTION

1. This Motion is filed on September 22, 2025, the 90th day after the filing of the Complaint, to seek an extension of time to properly serve the Defendants as outlined under Federal Rule of Civil Procedure 4(m).

# II. BACKGROUND

1. Plaintiff filed her Complaint on June 24, 2025, along with a Motion to Proceed In Forma Pauperis (IFP).

2. On September 11, 2025, Plaintiff paid the filing fee of $405.00, effectively withdrawing her pending IFP motion. Plaintiff reasonably believed that upon payment, the Clerk would issue the summons necessary for service.

3. Upon payment, Plaintiff was informed by the Clerk of Court that summons would not be issued until an order was entered regarding her IFP motion, despite the payment of the filing fee which rendered the IFP motion moot. This action by the Clerk has directly impeded Plaintiff's ability to serve the Defendants within the mandated timeframe.

4. Plaintiff filed an Ex Parte Temporary Restraining Order (TRO) on September 11, 2025, which was allegedly processed as a regular motion, further complicating the urgent relief sought by Plaintiff.

5. As of this filing, Plaintiff has not been issued summons for service upon the

Defendants, despite repeated requests to the Clerk.6. The 90-day deadline for service under Fed. R. Civ. P. 4(m) is September 22, 2025.

### III. ARGUMENT

A. Good Cause Exists to Extend the Time for Service Under Rule 4(m).

1. Rule 4(m) of the Federal Rules of Civil Procedure dictates that service of the summons and complaint must occur within 90 days after the complaint is filed. If service is not made within that time, the Court must dismiss the action without prejudice or order that service be made within a specified time. However, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

2. Local Rule 4.02 of the North Carolina Middle District Court echoes the requirements of Federal Rule 4(m).

3. Good cause exists for Plaintiff's inability to effect timely service, stemming directly from actions and inactions by the Clerk of Court. Plaintiff has acted diligently in pursuing her case by:

a. Filing the Complaint and an IFP motion promptly.

b. Paying the filing fee to expedite the process and ensure the action could proceed without the IFP motion.

c. Filing an Ex Parte TRO for urgent protection, indicating the critical and time-sensitive nature of the relief sought.d. Making repeated inquiries to the Clerk of Court to secure the issuance of summons.

4. The failure to serve the defendants within the 90-day period is directly attributable to the Clerk's refusal to issue summons, despite the payment of the filing fee and the effective withdrawal of the IFP motion.

5. Plaintiff is currently seeking assistance from the Fourth Circuit Court of Appeals due to the denial of summons, further demonstrating the extraordinary circumstances hindering her ability to comply with Rule 4(m).

B. The Interests of Justice Favor an Extension.

1. Even if this Court does not find good cause, it retains discretion to extend the time for service to prevent dismissal. The Fourth Circuit has considered factors such as whether the statute of limitations would bar re-filing, whether the defendant is evading service, whether the plaintiff has been diligent, and whether the plaintiff is proceeding pro se.

2. Dismissal of Plaintiff's case would cause significant prejudice, as she is alleging violations of her constitutional rights and faces ongoing threats to her safety and well-being. The statute of limitations may bar re-filing some of the claims.

3. Plaintiff has acted in good faith and has diligently attempted to move her case forward, despite obstacles presented by the Clerk's actions. She should not be penalized for administrative delays outside of her control.

IV. RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Grant an extension of time to serve the Defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and the Local Rules of this Court.

2. Direct the Clerk of Court to issue the necessary summons for service upon the Defendants immediately.

3. Grant such other and further relief as the Court deems just and equitable.

Respectfully submitted this 20th day of September, 2025,

_____

Angela Ryan, Plaintiff, Pro Se

706 Huffman Mill Rd. Apt D2

Burlington, NC 27215

336-524-7695

Akj8989@aol.com